UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
May 10, 2021
Nathan Ochsner, Clerk

Barbara Montoya, §
§
    Plaintiff, §
§
versus §  Civil Action H-19-2832
§
Andrew Saul, §
§
    Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Barbara Montoya is not disabled under the terms of the Social Security Act. It does.

Montoya brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree, but those decisions where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might

accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.   *The Statutory Criteria.*

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4.   *Background.*

On November 4, 2015, Montoya applied for disability benefits, claiming she has degenerative disc disease, osteoarthritis, fibromyalgia, chronic fatigue, and depression. Her claim was first denied on February 27, 2016, and denied upon reconsideration on May 13, 2016. Montoya then filed a written request for hearing. After the hearing on March 12, 2018,

an officer denied Montoya disability benefits. The Appeals Council denied Montoya's request for review on May 31, 2019.

5. *Application.*

The officer adhered to the five-step process and properly found that Montoya is not disabled.

A. *Step One*

Montoya has not engaged in substantial gainful activity since July 14, 2015, the claimed onset date.

B. *Step Two*

The officer identified degenerative disc disease, osteoarthritis, and fibromyalgia as severe impairments significantly limiting Montoya's ability to perform basic work activities.

The officer identified anxiety and depression as non-severe impairments that do not cause more than minimal limitation in Montoya's ability to perform basic mental work activities. Substantial evidence in the record supports this determination. Montoya's mental status examinations were repeatedly normal, and she regularly denied anxiety and depression. Her physicians did not refer her to a mental health specialist for treatment, nor did she seek treatment on her own.

Against the officer's determination, she offers Dr. Evelyn Turner's psychological evaluation. Doctor Turner wrote that Montoya cried about three times a week and felt worried and hopeless at times. Based on this information, she made a provisional diagnosis of unspecified depressive disorder and unspecified anxiety disorder contingent upon collaborating evidence. Minimal collaborating evidence, however, exists in the record: Montoya never told her physicians that she cried multiple times a week,

and her mental status examinations were repeatedly normal. In fact, Doctor Turner wrote in her evaluation that Montoya's appearance, behavior, and speech were appropriate, and she did not display evidence of loose associations, tangential thinking, or circumstantiality.

C. *Step Three*

Montoya does not have an impairment or combination of impairments that meet the severity of a listed impairment under 20 CFR. Substantial evidence in the record supports that she does not satisfy the statute's definition of degenerative disc disease and osteoarthritis. On October 2, 2015, three months after her alleged onset date, her physician wrote that inspection and palpitation revealed no defects, tenderness, or masses; Montoya had a full range of motion and there was no instability in her lower extremities. She intermittently reported being tender to palpitation during later examinations, but imaging indicated only mild to moderate degenerative changes and no denervation.

Substantial evidence in the record also supports the determination that she does not satisfy the statute's definition of fibromyalgia. 20 CFR requires that the claimant have (a) history of widespread pain in all quadrants of the body that has persisted for at least three months, (b) at least 11 positive tender points on physical examination bilaterally and above and below the waist, and (c) evidence that other disorders that could cause the symptoms or signs were excluded. The only source that can provide appropriate evidence of fibromyalgia is a licensed physician who has reviewed the person's medical history and conducted a physical exam. The record has no physician who has examined and diagnosed Montoya with fibromyalgia, and it instead shows that Montoya has self-reported a history of the condition.

No evidence of other limitations warrants disability benefits. Montoya's application for disability fails this step.

D. *Step Four*

The officer found that Montoya has the residual functional capacity to perform sedentary work with frequent climbing of ramps and stairs. She cannot climb ladders, ropes, or scaffolds, and she also cannot work around unprotected heights and moving mechanical parts. Montoya can occasionally stoop, kneel, crouch, and crawl.

Although Montoya's medically determinable impairments could reasonably be expected to cause her symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the evidence in the record. Montoya described extreme limitations on daily life. Her physical exams, however, do not indicate degenerative changes disproportionate to her age.

Substantial evidence indicates that Montoya can perform sedentary work. She routinely had a normal range of motion on examination. Montoya's descriptions of her limitations are also inconsistent. Although she said she cannot sit or stand for too long, Montoya has traveled to Alaska since the alleged onset date. Montoya cannot sit or stand long enough to work, but she can sit or stand for a long trip.

E. *Step Five*

Based on her residual functional capacity, the officer concluded that Montoya could perform her past relevant work as a reservations agent, customer service clerk, and receptionist. The vocational expert testified that her past positions fit within the limitations of sedentary work and that there are other jobs available that would meet the reviewing officer's criteria.

6. *Conclusion.*

The decision of the commissioner denying Montoya's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed on May 7, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge